UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KEISHA LONG,**<br><br>　　　　　　**Plaintiff,**<br><br>　　　v.<br><br>**SAFEWAY, INC.,** *et al*,<br><br>　　　　　　**Defendants.** | Civil Action 11-0768 (BJR) |

**MEMORANDUM OPINION**

Plaintiff, proceeding *pro se*, initiated this lawsuit against her former employer, Safeway Inc. ("Safeway"), and her union, the United Food & Commercial Workers Union Local 400 ("Local 400" or "Union"), in the Superior Court of the District of Columbia. She claims that Safeway terminated her without just cause and that the Union failed to represent her fairly during the grievance process. Local 400 removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, asserting that this Court has original jurisdiction over claims arising under section 301 of the Labor Management Relations Act ("LMRA"), codified at 29 U.S.C. § 185.[1] Notice of Removal [Doc. # 1] ¶ 6.

---

[1] Plaintiff has essentially brought a hybrid action, which "is one in which an employee, who is bound by arbitration procedures in a collective bargaining agreement, may sue both the employer and the union for the employer's violation of a collective bargaining agreement, as long as the union is alleged to have breached its duty of fair representation." *Brown v. Gino Morena Enterprises*, 44 F. Supp. 2d 41, 44 n.2 (D.D.C. 1999) (citing *O'Hara v. District No. 1–PCD, MEBA, AFL-CIO*, 56 F.3d 1514, 1520 (D.C. Cir. 1995)).

Each defendant now moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.  Plaintiff has opposed each motion.  Upon consideration of the parties' submissions, the Court, finding no federal claim stated, will grant each defendant's motion to dismiss.

## I. BACKGROUND

Plaintiff alleges the following relevant facts.  On October 29 2010, her then-employer of 10 years, Safeway, accused her of misusing a store coupon and suspended her.  Compl. ¶¶ 2-3, 5.  On November 1, 2010, plaintiff filed a grievance with Local 400.  *Id*. ¶ 4.  On November 9, 2010, plaintiff and a union representative met with Safeway at its office in Lanham, Maryland.  During the meeting, Safeway "slid several forms towards Plaintiff [that were] supposed to be copies of the alleged misused Safeway store coupons."  *Id*. ¶ 7. Safeway further indicated "that there were also video tapes of Plaintiff misusing [the] coupons."  *Id*. ¶ 10.  When the union representative asked to see the video tapes, Safeway "said 'no' "  *Id*. ¶ 11.  On December 21, 2010, plaintiff visited Local 400 at its office in Landover, Maryland, but was unable to speak with a "Union Agent."  *Id*. ¶¶ 14-16.  A receptionist conveyed that another meeting was scheduled at Safeway's office the following day.  *Id*. ¶ 17.

At the second meeting on December 22, 2010, plaintiff and the union representative "again requested to see the alleged video tapes," and Safeway "again said 'no.' "  *Id*. ¶ 19.  On December 23, 2010, Local 400 informed plaintiff in a telephone call that Safeway had terminated her.  *Id*. ¶ 20.  On December 30, 2010, Local 400 informed plaintiff by letter that it had investigated her termination, *see id* ¶ 23, but it found no "sufficient basis to warrant arbitration or pursuing [sic] your grievance further."  Pl.'s Mem. of P. & A. in Supp. of  Pl.'s

Brief in Opp'n to Union Defs.' Mot. to Dismiss Compl. ("Pl.'s Mem.") [Doc. # 6], Attachment (Local 400's Letter of Dec. 30, 2010). Local 400 further informed plaintiff that if she did not "contact us in writing within the next 7 days to provide us with any newly discovered evidence concerning your grievance, we will have to consider the matter closed and will take no further action." *Id*. In a letter to Local 400 dated January 5, 2011, plaintiff acknowledged the Union's "attempt[] to have the company in question overturn their action . . .," but stated, *inter alia*, that she was "having a hard time understanding the results that you are saying were the findings." Pl.'s Mem., Attachment (Letter of Jan. 5, 2011). In response, Local 400 wrote on January 11, 2011, "that during the meeting on December 22, 2010, evidence was reviewed, and it was established that Plaintiff had misused Safeway store coupons." Compl. ¶ 25; *see* Pl.'s Mem., Attachment (Local 400's Letter of Jan. 11, 2011). Local 400 also informed plaintiff that it would not present her case for arbitration, Compl. ¶ 26, because it had "reviewed this grievance and concluded that an arbitrator would not overturn the discipline imposed by Safeway based on the evidence." Pl.'s Mem., Letter.

## II. LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true. *In re Interbank Funding Corp. Sec. Litig.*, 668 F. Supp. 2d 44, 47-48 (D.D.C. 2009) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). Ambiguities must be resolved in favor of the plaintiff, giving her the benefit of every reasonable inference drawn from the well-pleaded facts and allegations in the complaint. *See id.* A court must construe *pro*

*se* filings liberally and, absent any indication of prejudice to the defendant, should read "all of the plaintiff's filings together[.]" *Richardson v. U.S.*, 193 F.3d 545, 548 (D.C. Cir. 1999).

In ruling on a Rule 12(b)(6) motion to dismiss, the Court may consider "any documents either attached to or incorporated in the complaint . . . without converting the motion to dismiss into one for summary judgment." *Baker v. Henderson*, 150 F. Supp.2d 13, 15 (D.D.C. 2001) (citations omitted). This includes documents, such as those attached to plaintiff's opposition, that are "referred to in the complaint and [] central to the plaintiff's claim.' " *Solomon v. Off. of the Architect of the Capitol*, 539 F. Supp. 2d 347, 349-50 (D.D.C. 2008) (citing *Vanover v. Hantman*, 77 F. Supp. 2d 91, 98 (D.D.C.1999), *aff'd*, 38 Fed. Appx. 4 (D.C. Cir. 2002)) (internal citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, the complaint must plead sufficient facts, taken as true, to provide "plausible grounds" that discovery will reveal evidence to support the plaintiffs' allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Aschroft v. Iqbal*, 556 U.S. 662, —, 129 S.Ct. 1937, 1949 (2009). "This amounts to a 'two-pronged approach' under which a court first identifies the factual allegations entitled to an assumption of truth and then determines 'whether they plausibly give rise to an entitlement of relief.' " *Matthews v. District of Columbia*, 730 F. Supp. 2d 33, 35 (D.D.C. 2010).

"The notice pleading rules are not meant to impose a great burden on a plaintiff." *Id*. The pleading standard in Federal Rule of Civil Procedure 8 does not require "detailed factual allegations." *Iqbal*, 129 S.Ct. at 1949. However, "[a] pleading that offers 'labels and

conclusions' or a formulaic recitation of the elements of a cause of action will not do.  Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id*. (quoting *Twombly*, 550 U.S. at 555, 557).

### III.  DISCUSSION

**A. Local 400's Motion to Dismiss**

Local 400 argues that the complaint should be dismissed because plaintiff has not pled the requisite breach of the duty of fair representation and has failed to exhaust the Union's internal remedies.  *See generally* Local 400's Mem. of Law in Supp. of Local 400's Mot. to Dismiss; *Gwin v. Nat'l Marine Engineers Beneficial Assoc.*, 966 F. Supp. 4, 7 (D.D.C. 1997) ("To prevail on [a § 301/fair representation] claim, plaintiff must prove a violation of the collective bargaining agreement and demonstrate the union's breach of the duty of fair representation.") (citing *Chauffeurs, Teamsters & Helpers, Local Union 391 v. Terry*, 494 U.S. 558, 564 (1990)).  Although the Union is correct on both points, the Court will address only the pleading deficiency since it will dispose of the case and the exhaustion requirement is not jurisdictional.  *See DelCostello v. Inter'l Broth. of Teamsters*, 462 U.S. 151, 163 (1983) (while exhaustion "ordinarily" is required, the "rule works an unacceptable injustice when the union representing the employee in the grievance . . . procedure acts in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation."); *Vaca v. Sipes*, 386 U.S. 171, 186 (1986) ("[W]e think the wrongfully discharged employee may bring an action against his employer in the face of a defense based upon the failure to exhaust contractual remedies, provided the employee can prove that the union as bargaining agent breached its duty of fair representation in its handling of the employee's grievance.").

It is established that a union has a statutory duty to fairly represent its members at "all levels of . . . representation," including in grievance proceedings. *Gwin*, 966 F. Supp. at 7 (citing *Air Line Pilots Ass'n v. O'Neill*, 499 U.S. 65, 77-78 (1991)).  But a union also "possesses discretion to pursue only those grievances it fairly considers to be meritorious." *Lewis v. Greyhound Lines-East*, 555 F.2d 1053, 1055 (D.C. Cir. 1977).  A union breaches the foregoing duty when its "conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Vaca*, 386 U.S. at 190.  "[A] union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness . . . as to be irrational.'" *Air Line Pilots Ass'n*, 499 U.S. at 67 (quoting *Ford Motor Co. v. Huffman*, 345 U.S. 330, 338 (1953)); *see Harris v. Amalgamated Transit Union Local 689*, No. 11-0892, — F. Supp. 2d —, 2011 WL 5305377, at *3 (D.D.C. Sept. 30, 2011) (stating same).  A union's actions may be found to be in bad faith "when there is substantial evidence of 'fraud, deceitful action, or dishonest conduct.'" *Gwin*, 966 F. Supp. at 7 (quoting *Humphrey v. Moore*, 375 U.S. 335, 348 (1964)); *accord Harris*, 2011 WL 530377 at *3.  "Any substantive examination of a union's performance . . . must be highly deferential . . . .," *Air Line Pilots Ass'n*, 499 U.S. at 78, and "[m]ere negligence" will not suffice to sustain a breach claim. *Harris,* 2011 WL 530377 at *3 (citation and internal quotation marks omitted).

Plaintiff acknowledges that Local 400 represented her during the grievance process, notified her of the outcome, and explained why it would not take the case to arbitration.  In her opposition, plaintiff faults Local 400 for allegedly failing (1) to furnish her a copy of her grievance, (2) to inform her "of the precise facts [it] [was] allegedly reviewing regarding

Plaintiff's case," and (3) to inform her "of the allege[d] evidence [] Safeway intended to produce during [the grievance]" so that she could dispute it. Pl.'s Mem. at 4. But plaintiff's claim suggesting her ignorance of the facts is belied by the record she has developed. By her own admission, plaintiff was accused on October 29, 2010, of misusing a store coupon and was suspended. Compl. ¶¶ 2-3. Plaintiff also admits that at the first grievance meeting on November 9, 2010, Safeway "slid several forms towards [her] [that were] supposed to be copies of the alleged misused Safeway store coupons." *Id*. ¶ 7. In its letter dated January 11, 2011, which plaintiff has supplied, Local 400 further describes the first meeting as follows:

> In that meeting evidence was reviewed, establishing that you had violated Safeway's coupon policy by redeeming coupons for items not purchased by the customer in question. No evidence was presented by you then or in your January 5, 2011 letter, refuting this evidence, other than your denial.

Plaintiff was well aware of the uncomplicated charge supporting her suspension and termination. Even if, as plaintiff states as the third omission, Local 400 failed to provide her a copy of her own grievance, that fact alone falls far short of the mark to sustain a breach of duty claim under the LMRA.

In sum, plaintiff has stated no facts from which a breach by the union of its duty to fairly represent may be found or reasonably inferred. Hence, the Court will grant Local 400's motion to dismiss under Rule 12(b)(6).

### B. Safeway's Motion to Dismiss

As a general rule applicable here, "the [union's statutory] duty of fair representation and fiduciary duty impose no obligations on the employer." *American Postal Workers Union, AFL-CIO, Hdqtrs. Local 6885 v. American Postal Workers Union*, *AFL-CIO*, 665 F.2d 1096, 1108-09 (D.C. Cir. 1981) (citing cases); *accord Davenport v. Inter'l Bhd. of Teamsters*, 166 F.3d 356,

361 (D.C. Cir. 1999). To maintain a claim against Safeway, plaintiff must establish that Safeway breached the collective bargaining agreement or somehow behaved improperly by, for example, acting in concert with or acquiescing in the Union's denial of fair representation. *American Postal Workers Union,* 665 F.2d at 1109. The granting of Local 400's motion to dismiss based on plaintiff's failure to state a breach of duty claim necessarily defeats plaintiff's federal claim against Safeway. Hence, the Court likewise will grant Safeway's motion to dismiss under Rule 12(b)(6).

### CONCLUSION

For the reasons stated above, the Court concludes that plaintiff has failed to state a claim under the LMRA and, thus, grants the respective motions of Local 400 and Safeway to dismiss the complaint under Rule 12(b)(6).[2] A separate, final order accompanies this Memorandum Opinion.

February 3, 2012

_____
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE

---

[2] Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over any non-federal claims arising from plaintiff's termination.